JOHN BRYAN JONES AND CAROL JONES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 12660-93
United States Tax Court
T.C. Memo 1994-525; 1994 Tax Ct. Memo LEXIS 533; 68 T.C.M. (CCH) 982; October 18, 1994, Filed *533 Decision will be entered under Rule 155. John Bryan Jones and Carol Jones, pro se. For respondent: James P. Thurston. POWELL
POWELL
EDITOR'S NOTE: TEXT WITHIN THESE SYMBOLS [O> <O] IS OVERSTRUCK IN THE SOURCE.] MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
By notice of deficiency issued on March 26, 1993, respondent determined a deficiency in petitioners' 1989 Federal income tax in the amount of $ 6,250. Petitioners, residents of Half Moon Bay, California, filed a timely petition in this Court. The issue is whether petitioners' agreement to changes to their 1989 Federal income tax return proposed by respondent precludes respondent from redetermining their 1989 Federal income tax. The facts may be summarized as follows. Petitioners jointly filed *534 their 1989 Federal income tax return, which showed, among other things, self-employment income tax of $ 6,250 from petitioner John Bryan Jones' trade or business as an attorney. Relying on third party reporting, respondent determined that petitioners had not reported certain interest and dividend income, and that they had overstated their home mortgage deduction. Respondent issued a Form CP-2000, Notice of Proposed Changes (30-day letter), to petitioners indicating a $ 5,327 increase in taxable income, resulting in a $ 1,757 increased income tax. The 30-day letter, however, also eliminated the tax on self-employment income of $ 6,250, resulting in a proposed refund of $ 4,493. Included with the 30-day letter was a form provided for petitioners' response (response form). The response form, as drafted, contemplated a tax deficiency rather than a refund, and petitioners modified the form, in the margin, accordingly: TOTAL AGREEMENT, CONSENT TO TAX [O> INCREASE <O] [DECREASE] - I CONSENT TO THE IMMEDIATE [O> ASSESSMENT AND COLLECTION OF THE INCREASE IN TAX AND PENALTIES <O] [REFUND] SHOWN ON THIS NOTICE, PLUS INTEREST. I UNDERSTAND THAT BY SIGNING THIS WAIVER, I WILL NOT BE *535 ABLE TO CONTEST THESE CHANGES IN THE U.S. TAX COURT FOR THE TAX YEAR SHOWN ON THIS NOTICE UNLESS ADDITIONAL TAX IS DETERMINED TO BE DUE FOR THIS YEAR.
Petitioners signed and returned the response form, and respondent issued a refund for the proposed amount. Several months later respondent determined that the proposed decrease in self-employment income tax was in error and notified petitioners that they had a balance due of $ 6,250 excluding interest. When petitioners did not agree to this proposal respondent issued the notice of deficiency. The notice of deficiency disallowed the same deductions as had been disallowed in the 30-day letter. Respondent has conceded the items relating to petitioners' interest and dividend income and home mortgage deduction. Petitioners do not challenge on the merits the tax on self-employment income as determined by respondent. Rather, petitioners argue that the language of the response form precludes respondent from issuing the notice of deficiency. They argue that they waived their rights to challenge the proposed changes, and that respondent should also be bound by the waiver. First, the factual predicate of petitioners' argument is *536 simply not present. The response form that they executed stated that they will not be able to contest the changes in the Tax Court "for the tax year shown on this notice unless additional tax is determined to be due for this year." There is nothing that precludes petitioners from contesting an additional determination and nothing that precludes respondent from making an additional determination. The "waiver" petitioners signed merely reflected a consent to a refund proposed by respondent and no agreement between respondent and petitioners was created. Petitioners did not waive any right to judicial review. [2]
Second, a taxpayer may invoke the Tax Court's jurisdiction, generally, only after a statutory notice of deficiency (90-day letter) is issued *537 by respondent and a timely petition is filed with this Court. Secs. 6212 and 6213; see also , affg. per curiam . While respondent is generally precluded from issuing a second notice of deficiency after a petition has been filed, there never was a deficiency determined here. Sec. 6212(c). The so-called 30-day letter is not a notice of deficiency. . Finally, it is well established that respondent is bound to a final settlement with taxpayers only if the parties enter into a closing agreement under the provisions of section 7121. See ; see also . Petitioners concede that there was no closing agreement under section 7121. Consequently, we find that respondent is not foreclosed from determining a deficiency for the taxable year 1989. To reflect the concessions, Decision will be entered under Rule 155. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. It is true that respondent proposed to disallow certain deductions. The fact remains, however, that in the end there would be a refund of tax. The Tax Court has no refund jurisdiction in these circumstances. Rather, petitioners would have to proceed under sec. 7422.↩